### CENTRAL FEDERAL FIRE INS. CO. v. LEWIS et al.

### No. 1489—5760.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

Burgess, Burgess, Chrestman & Brundidge and L. E. Elliott, all of Dallas, for plaintiff in error.

H. G. Butts, Hunt & Hunt, and Walter F. Brown, all of Houston, and Charles Fertsch, of Hallettsville, for defendants in error.

CRITZ, J.

This suit was filed in the district court of Harris county, Tex., by Mell Lewis against

Central Federal Fire Insurance Company, hereinafter called the insurer. The suit was based on two fire insurance policies issued by the insurer to Lewis. One of the policies was for the sum of $10,000, and covered a three-story hotel building in the city of Halletsville, Tex., and the other policy insured the furniture and equipment in the building to the extent of $2,500. Kloppenburg et al., hereinafter called interveners, held liens against the insured property, and intervened to assert their rights. According to the record and verdict of the jury, the building and its contents were totally destroyed by fire on October 27, 1927.

Trial in the district court resulted in a verdict and judgment for Lewis and interveners in the total sum of $12,856.38. This judgment was apportioned so as to give Lewis $8,484.45, and interveners $4,371.93. On appeal, this judgment was affirmed by the Court of Civil Appeals. 26 S.W.(2d) 474.. The above judgment includes interest, as will hereinafter be shown.

The jury found that the building was a total loss, and that the value of the contents which were destroyed by fire was $2,416. Based on the above verdict, the court, after making certain calculations and deductions not necessary to detail here, entered judgment as above indicated. This judgment affirmatively discloses that the trial court allowed interest at the rate of six per cent. per annum from the date of the fire. This was error, as will later appear.

The record discloses that the fire occurred on October 27, 1927. No proof of loss was made, but on the last day of November, 1927, the insurer denied and repudiated its liability. Under such a record, interest should have been allowed from the date of denial of liability, November 30, 1927, instead of October 27, 1927. Delaware Underwriters v. Brock, 109 Tex. 425, 211 S. W. 779, 782. We quote the following from Judge Greenwood's opinion in the authority cited: "As already noted, there was no denial of liability by plaintiffs in error. It is the settled law of Texas that such a denial does mature the demand for loss or damage under a fire policy. Ins. Co. v. Jacobs, 56 Tex. 372; Ins. Co. v. Josey, 6 Tex. Civ. App. 290, 25 S. W. 686; Ins. Co. v. McKey (Tex. Civ. App.) 152 S. W. 441; Ins. Co. v. Bomar (Tex. Civ. App.) 176 S. W. 157. And under such circumstances, interest would run from the date of denial of liability, regardless of whether 60 days had expired after proofs of loss had been furnished, and regardless . of whether proofs of loss were waived. The case of East Texas Fire Ins. Co. v. Brown, 82 Tex. 638, 18 S. W. 713, is overruled, in so far as it holds that no cause of action arises on a policy until 60 days after waiver of proofs of loss, where the waiver consists, as it did in that case, of an absolute denial of liability. Upon the mere waiver of proofs, without denial of liability, then the 60 days should expire, after such waiver, before the institution of suit to enforce the policy. But an absolute denial of liability should be given the effect of an invitation to enforce the indemnity promised by the insurer in the only way open to the insured, and that at once."

A proper calculation shows that the excess interest allowed amounts to the sum of $68.28. This sum should be deducted from Lewis' recovery.

We have carefully read and considered all other assignments presented by the petition for writ of error, and, in our opinion, none of them present matters which ought to change or reverse the judgments entered herein by the two lower courts.

For the reasons stated above, the judgments of the Court of Civil Appeals and of the district court should be modified so as to reduce the judgment in favor of Mell Lewis by $68.28. In all other respects, the judgment of the two lower courts should be affirmed. Lewis should pay all costs of appeal in all courts.

We recommend that the judgments of the Court of Civil Appeals and of the district court be modified and affirmed as above indicated, and that Mell Lewis pay all costs of appeal in all courts.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.