Nago L. ALANIZ et ux., Appellants,

v.

Hilmer B. HAEGELIN et al., Appellees.

No. 3920.

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Rehearing Denied Dec. 11, 1964.

**432**

Utter & Chase, Corpus Christi, for appellants.

Perkins, Floyd, Davis & Oden, Alice, for appellees.

WALTER, Justice.

This is a venue suit. Nago L. Alaniz and wife, Elvira L. Alaniz, filed suit in Duval County against Rafael Garcia who resides in Duval County and Hilmer B. Haegelin and wife, Margaret H. Haegelin, who reside in Medina County, for damages based on fraud in connection with a real estate transaction wherein plaintiffs purchased a house and lot from Haegelin in Duval County. Plaintiffs allege fraudulent representations about the sound condition of the house were made by defendants in Duval County. Garcia resides in Duval County where the suit was filed. In his plea of privilege Garcia asserted that he was being sued as an agent of the defendants Haegelin. He asserted that Haegelin resided in Medina County and requested the court to transfer the cause of action to that county. The Haegelins filed pleas of privilege asserting that they resided in Medina County and requested the court to transfer the case to that county. The plaintiffs controverted Garcia's plea of privilege and alleged that Garcia was a resident of Duval County where the suit was filed. They also alleged that they were entitled to maintain venue against Garcia in Duval County under exception number 7 of Article 1995, Vernon's Ann.Civ.St. The plaintiffs controverted Haegelins' pleas of privilege and alleged that the court had venue of them in Duval County under exception 7 of Article 1995.

The plaintiffs requested a jury for the plea of privilege hearing. At the close of plaintiffs' evidence the court granted defendants' motion for an instructed verdict. Judgment was rendered granting the pleas of privilege of Garcia and the Haegelins and transferring the cause of action to Medina County. The plaintiffs have appealed.

Appellants contend the court erred in granting the instructed verdict because the evidence raised issues of fact under subdivisions 7 and 4 of Article 1995. They also contend the court erred in granting

Garcia's plea of privilege because the evidence conclusively showed that Garcia was a resident of Duval County.

 If the record contains some evidence of probative force to support appellants' allegation as to the venue facts they were entitled to have their issues submitted to and decided by the jury. In deciding this question we are to discard all adverse evidence and give credit to all evidence favorable to the appellants and indulge every legitimate conclusion favorable to the appellants which might be drawn from the facts proved. In Maryland Casualty Company v. Morua, Tex.Civ.App., 180 S.W. 2d 194, at page 195, the court said:

"If an issue of fact is raised by the evidence, it must go to the jury even though a verdict based on such evidence would have to be set aside as not supported by sufficient evidence. Wallace v. Southern Cotton-Oil Company, 91 Tex. 18, 40 S.W. 399."

We are compelled to hold that the court erred in granting Garcia's plea of privilege because subdivision 7 of Article 1995, V.A.C.S. authorizes cases of fraud to be brought in the county of the defendant's domicile. The evidence conclusively shows that Garcia was domiciled in Duval County at the time suit was filed.

Appellants pleaded the following: "That the Defendants did represent to these Plaintiffs that the house purchased was, in all things, sound and in an excellent state of repair with no defects of any type or nature; that in reliance upon the representation of said Defendants, these plaintiffs did enter into a real estate contract and purchased the aforesaid house * * * that the Defendants knew, or in all reasonable probability should have known, that said house had hidden defects which an inspection thereof would not reveal; that in spite of the representation upon which these Plaintiffs relied, the roof of the house leaks which has ruined the ceiling and portions of the living room and the southwest

bedroom; that in addition thereto, the floors, window sills, walls and foundation of said house is infested with termites * * * that Plaintiffs have been damaged in the sum of Three Thousand Five Hundred and no/100 Dollars ($3,500.00), all because of the misrepresentations of the Defendants, and their agent, Rafael Garcia, upon which these Plaintiffs relied to their detriment. * * * that the misrepresentations and fraud upon which these Plaintiffs rely to their detriment occurred in San Diego, Duval County, Texas".

A careful study of all the facts and circumstances in evidence leads us to the conclusion that they raise issues of fact on all of the elements of actionable fraud.

The judgment is reversed and the cause is remanded.