**ANGELO STATE UNIVERSITY,**
Appellant,

v.

**INTERNATIONAL INSURANCE COMPANY OF NEW YORK, Appellee.**

No. 11992.

Court of Civil Appeals of Texas,
Austin.

Feb. 28, 1973.

Don W. Griffis, Griffis & Griffis, San Angelo, for appellant.

John H. Hofmann, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellee.

PHILLIPS, Chief Justice.

This is a suit on a fire insurance policy which, under the facts and the record on appeal, presents the question whether the failure of appellant, Angelo State University to furnish proof of loss precludes its recovery under the terms of the policy. Since, in our opinion, the failure to furnish the proof of loss does present a bar to the action before us, and since the trial court rendered judgment for the appellee, we will affirm this judgment.

The pertinent facts are these: In November of 1970 there was in full force and

effect an insurance contract between appellant and appellee under the terms of which appellee was to compensate appellant for fire and smoke damage to specified buildings located on the campus of appellant University. Among the buildings thus insured was Concho Hall, a building in the basement of which was housed a steam boiler and hot water generator. In November, 1970, apparently due to the malfunction of a safety device on this boiler, there was a fire in and around the boiler. There was evidence of some minor damage to the room in which the boiler was housed but the boiler itself bore the brunt of the loss. There was also in effect at the time of the fire a second fire insurance policy which covered the boiler only. This policy, herein called the boiler policy, was not carried by appellee insurer but was with the American Motorist Insurance Co. whose local agent was one Henry Batjer.

The court, at the close of evidence, granted appellee's motion for instructed verdict.

Although appellant is before us on three points of error, our disposition of its first point makes it unnecessary for us to reach the remaining two.

■ Appellant's first point presents the question (which appellant asserts must be answered in the affirmative) whether appellee denied liability on the policy within 91 days allowed under the policy for filing claims and thereby waived the contractual requirement that the insured furnish proof of loss to insurer as a condition precedent to recovery on the policy.

■ In reviewing an instructed verdict on appeal our sole task is to determine whether there was sufficient evidence of probative force to raise a fact issue on a material question presented. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422 (1952). In determining whether there was sufficient evidence to raise a fact issue, the evidence must be considered most favorably in be-

half of the party against whom the verdict is instructed. This Court is obliged to consider only the evidence favorable to the party against whom the verdict was instructed and may consider none of the evidence adverse to the party against whom the verdict is instructed. Air Conditioning, Inc., *supra*; Anderson v. Moore, 448 S.W.2d 105 (Tex.Sup.1969). Finally, a necessary corollary to the last-stated rule is the rule which requires this Court to remand the case if the evidence, when viewed as indicated above, raises any fact issue for the jury, even if a verdict based upon such evidence would have to be set aside as not supported by sufficient evidence. Maryland Casualty Co. v. Morua, 180 S.W.2d 194 (Tex.Civ.App.1944, writ ref.); Great Atlantic and Pacific Tea Company v. Giles, 354 S.W.2d 410 (Tex. Civ.App.1962, writ ref. n. r. e.); Alaniz v. Haegelin, 384 S.W.2d 431 (Tex.Civ.App. 1964, no writ).

■ It is undisputed that appellant never furnished appellee with any proof of loss required by the policy. Consequently, unless appellee denied liability under the policy, appellant is foreclosed. Whitehead v. National Casualty Co., 273 S.W.2d 678 (Tex.Civ.App.1954, writ ref.); Williams v. Bankers Fire and Marine Insurance Co., 277 S.W.2d 742 (Tex.Civ.App.1955, writ dism.); Farmers Mutual Protective Association of Texas v. Thompson, 365 S.W.2d 226 (Tex.Civ.App.1963, writ ref. n. r. e.). Thus, the dispute before us presents a question of evidence. Appellant does not deny its contractual obligation to furnish appellee with a sworn statement of loss within ninety-one days after the fire. Neither does appellee deny the well-established rule of law that insurer will be deemed to have waived this requirement where insurer denies liability within the time allotted by the terms of the policy for proof of loss to be furnished. Federal Surety Co. v. Smith, 41 S.W.2d 210 (Tex.Com.App.1931, adopted); United States Fidelity and Casualty Co. v. Bimco Iron and Metal Corporation, 464 S.W.2d 353 (Tex.1971). Our

question then is whether the evidence adduced at the trial was sufficient to raise a fact issue on the question whether appellee denied liability on the policy.

A careful review of the evidence before this Court indicates that the only evidence of a denial of liability by appellee is found in the testimony of two witnesses, Batjer, an agent of the insurance company which carried the boiler policy, and Bill Hale, appellant's business manager. The relevant testimony of each of these witnesses concerned conversations each had held with Lauren Caulkin, who was investigating the fire in question on behalf of appellee. Batjer testified that in his conversation with Caulkin, the latter told him that "at that time . . . they [meaning appellee] did not think that it [the damage to the boiler itself] was covered under the fire policy and was probably under the boiler policy." Batjer further testified that he conveyed this information to Hale, business manager of Angelo State, in a conversation in which Batjer described the position of Caulkin to be "that the boiler itself was, in their opinion not covered under the fire policy but that the damage outside the boiler in the room . . . would be covered under their policy."

Assuming for purpose of argument that Batjer was appellant's agent (which appellant asserts) when Caulkin told him of his tentative opinion, this conversation amounted to no more than an exchange of opinion, and did not contain enough direct, unequivocal statements to raise a fact issue whether such statements amounted to a denial of liability. Central Federal Fire Insurance Co. v. Lewis, 26 S.W.2d 474 (Tex.Civ.App.1930, modified on other grounds 44 S.W.2d 936); Millers Mutual Fire Insurance Co. of Texas v. Mitchell, 392 S.W.2d 703 (Tex.Civ.App.1965, no writ).

With respect to Hale's conversation with Caulkin, Hale was asked if Caulkin told him he thought the boiler policy owed for the damage to the boiler. Hale replied "No, I don't believe he indicated." He was then asked "He [Caulkin] never did tell you directly to your face: 'We are denying coverage'?" To this Hale answered "no".

The judgment of the trial court is affirmed.

Affirmed.