AMERICAN TEACHERS LIFE
INSURANCE COMPANY,
Petitioner,

v.

Anthony R. BRUGETTE, Respondent.

No. C-5864.

Supreme Court of Texas.

April 8, 1987.

Rehearing Denied May 27, 1987.

R. Michael Smyrl, Smyrl & Giddens, Pasadena, for petitioner.

John H. Seale, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, for respondent.

KILGARLIN, Justice.

At issue is a claimant's burden in a suit on an insurance policy when he has failed to comply with its proof of loss provisions. Anthony Brugette sued American Teachers Life Insurance Company to recover disability benefits. A trial court judgment for him was affirmed, 717 S.W.2d 719, with the court of appeals holding that Brugette had substantially complied with the proof of loss requirements. We disagree and therefore reverse the judgment of the court of appeals and render judgment for American Teachers.

Brugette was injured while working for Hydrocarbon Field Services, Inc. Hydrocarbon provided disability payments to injured employees under an insurance policy issued by American Teachers. The terms of the policy required that an injured worker file with the insurance company a proof of loss form providing details about the injury and treatment. It is undisputed that the forms were never filled out and returned.

Since the policy required proof of loss before any claim was paid, American Teachers refused to provide any benefits to Brugette. When Brugette sued to enforce the terms of the policy, American Teachers filed a verified pleading, noting the failure to provide the necessary proof of loss. Brugette contended that the company had waived its proof of loss requirement, or, in the alternative, that he had substantially complied with the company's requirement

by supplying it with a detailed emergency room report. In its holding that Brugette had substantially complied with the proof of loss requirements, the court of appeals did not address his failure to submit pertinent issues to the jury.

■ Proof of loss and notice of claim are conditions precedent to recovery on the policy. *Employers Casualty Company v. Glens Falls Insurance Company*, 484 S.W.2d 570, 574 (Tex.1972). In the face of a verified denial of proof of loss, Brugette had the duty to secure findings to support his theories of waiver or substantial compliance. *Shaver v. National Title & Abstract Co.*, 361 S.W.2d 867, 869 (Tex.1962).

■ Under Tex.R.Civ.P. 279, only proof as a matter of law of substantial performance or waiver of the conditions precedent could excuse a failure to submit jury issues on those claims. *Glens Falls Ins. Co.*, 484 S.W.2d at 576. In this case, there was considerable controversy as to whether American Teachers had waived its proof of loss requirements by failing to send the forms to Brugette, and whether the emergency room reports contained sufficient information to allow the company to process the claim. Therefore, Brugette did not prove waiver or substantial compliance as a matter of law. Thus, the need for jury findings on these issues was not obviated.

Since Brugette failed to obtain jury findings supporting his claim for benefits under the policy, we reverse the judgment of the court of appeals and render judgment for American Teachers.