### SECURITY NATIONAL INSURANCE CO., Trinity Universal Insurance Co., and the Trinity Companies, Appellants,

v.

### William J. VILES and Wife, Mary R. Viles, Appellees.

No. 02–88–108–CV.

Court of Appeals of Texas, Fort Worth.

June 21, 1989.

Rehearing Denied July 26, 1989.

Larry L. Gollaher, Gollaher & Associates, Dallas, for appellants.

Rickey Joe Brantley, Jose, Henry & Brantley, Fort Worth, for appellees.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

OPINION

JOE SPURLOCK, II, Justice.

Appellants, Security National Insurance Co., Trinity Universal Insurance Co., and The Trinity Companies, in nineteen points of error, appeal from a judgment awarding damages to William and Mary Viles. The judgment was based on a jury finding that the appellants had breached their duty to deal fairly and in good faith with the Viles.

We find it necessary to consider only the appellants' eleventh point of error in which they complain about the trial court's failure to submit any question to the jury regarding the insurance policies' proof of loss

condition. We reverse and render on this point of error.

The Viles sued the appellants, two insurance companies and a third company which apparently adjusted claims for these insurers, for breach of the terms of the insurance policies and breach of the duty of good faith and fair dealing. The jury answered all issues on both causes of action favorably to the Viles, and the trial court awarded judgment on the latter cause of action. The facts giving rise to this suit are as follows.

In August of 1980, the Viles made a claim upon Security National Insurance Co. for damage to wood portions of their home's foundation, which damage was caused by a leaking shower pan. The claim was paid by Security in less than one month.

On April 1, 1986, the Viles entered into a contract to sell their home for $63,900.00. The closing was set for June 3, 1986. When the purchasers had the home inspected, it was discovered that there was extensive moisture damage to the wood portions of the foundation. The Viles had the damage appraised and determined that it would cost $33,500.00 to repair the damage and restore the home to its pre-damage condition. The purchasers agreed to have the $33,500.00 placed in escrow and to proceed with the sale at a later date.

Around June 30, 1986, or soon thereafter, the Viles contacted their insurance agent and turned in a written appraisal of the damage to the adjuster working the claim. They did not, however, file a sworn proof of loss at that time. The adjustor offered to pay $3,000.00 for the loss. The adjustor knew a sale was pending on the house. At some point thereafter, the purchasers decided that they could not wait for the insurance money any longer, and the sale fell through. On August 8, 1986, the Viles entered into a contract of sale for their home for $36,500.00. They subsequently sold the home pursuant to that contract, and moved to another residence.

At trial, the Viles contended that all the wood damage was caused by a leaking shower pan. They alleged that the appellants did not make an adequate or timely investigation and appraisal of the extent and cause of the damage, which failure resulted in an inadequate offer to settle their claim. The appellants countered that the date, extent, and cause of the damage were subject to legitimate dispute, and that, under these circumstances, the settlement offer was reasonable. The trial court entered judgment on the jury's verdict awarding damages for loss of the sale of the house and for mental anguish, based on the breach of good faith and fair dealing cause of action.[1]

In their eleventh point of error, the appellants contend that the trial court erred in failing to render a take-nothing judgment against the Viles, because the Viles failed to request, and the court's charge failed to submit, any question to the jury inquiring whether the Viles had substantially complied with the proof of loss condition in the policies or whether the insurers had waived the proof of loss requirements. *See American Teachers Life Ins. Co. v. Brugette*, 728 S.W.2d 763 (Tex. 1987).

Appellants' last-filed answer contains a verified denial alleging that the Viles failed to comply with the policy's requirement that they file a sworn proof of loss within 91 days of the date of the loss in question. Appellants objected to the court's charge because it failed to submit a question on either substantial compliance with, or waiver of, the proof of loss requirement. The objection was overruled.

There was evidence presented at trial regarding the proof of loss form. A letter dated August 26, 1986 from the Viles' attorney to the insurers' adjuster requests that the proof of loss form be sent to him. The proof of loss form shows that it was signed by Mr. Viles on October 6, *1985*, and reports that a loss, caused by a water leak,

---

1. The jury found the reasonable and necessary cost to repair the damage done by the leaking shower pan was $11,000.00.

occurred between 1980 and June 21, 1986. There is no evidence to show when the form was submitted. Assuming that Mr. Viles actually signed it on October 6, *1986, and* filed it with one or more of the insurers on that very date, it would nevertheless have been filed 107 days after June 21, 1986. This being the only evidence in the record of their compliance, the Viles did not prove substantial compliance with the proof of loss requirement of 91 days.

The evidence shows that the adjuster had authority: to deny the claim; to pay claims up to $5,000.00; or to seek approval for claims of over $5,000.00. He first denied the claim, but subsequently offered to pay the claim in the amount of $3,000.00 before any proof of loss was filed and before the time when it was required to be filed. While this can be considered as some evidence that the appellants waived filing of the sworn proof of loss, we hold it does not prove waiver as a matter of law. As the settlement offer was made (but not accepted) within the time limits for filing the proof of loss, the insurer could still rely on the requirement that the proof of loss form be filed before any claim was paid. As appellants filed at trial a verified denial of proof of loss, in order for appellees to recover on their breach of contract theory, they had a duty to secure a jury finding of substantial compliance with, or waiver of, the proof of loss requirement. *Id.* at 764.

The Viles counter that, even if they are not entitled to recover under the insurance policies, it is not always necessary to show strict compliance with the policy to recover under a theory of breach of the duty of good faith and fair dealing. They rely upon *Royal Globe Ins. Co. v. Bar Consultants* 577 S.W.2d 688 (Tex.1979) and *Sentry Ins. v. Siurek,* 748 S.W.2d 104 (Tex. App.—Houston [1st Dist.] 1987, no writ) (opinion on reh'g).

Although *Royal Globe* was a case involving a deceptive trade practice, it is arguable that the facts in that case could support a claim for breach of the duty of good faith and fair dealing, as the Viles assert. In *Royal Globe,* the insurer's agent represented that the policy covered certain losses that it did not, in fact, cover. We agree with the Viles that, where the insurer's agent has misrepresented coverage, the insured might be relieved of proving the loss was covered under the policy.

However, in the case at bar, there was no such misrepresentation. As discussed previously, the Viles had discovered in 1980 a shower pan leak and extensive damage to the wood in the foundation of their house. That insurance claim in 1980 was paid in less than a month from the time the damage was discovered. The "leak" and damage were subsequently "repaired" by the Viles. The insurance carrier at that time was Security National Insurance Co., one of "The Trinity Companies." The Viles allege that they were entitled to rely on the "new" shower pan damage being covered under the policy because the Security policy had covered the shower pan damage in 1980.

In the instant case, the dispute was not over whether damages resulting from a shower pan leak were covered as these were "all risks policies." Instead, appellants disputed whether any damage was caused by a shower pan leak, disputed the extent of any damage so caused, and disputed when the damage occurred (that is— was it new damage?). It is clear that all the policies involved here do cover losses resulting from shower pan leaks, but as in any insurance claim, the time of the occurrence of damage is crucial, in particular if a claim has been previously paid for the same type of claim with damage in the same area. Compounding the problem in this case, are the facts that there are three insurance companies, with different dates of effective coverage, and no timely filed sworn proof of loss as to the extent of the claim being made. There was one $8,000.00 repair made by the homeowner just six years previously.

The Viles argue that, because the 1980 claim was paid without a proof of loss form being filed, they were led to believe that a proof of loss form was not necessary. Unfortunately, we have found no evidence in the record showing that the 1980 claim was paid without a proof of loss form.

In *Siurek*, 748 S.W.2d 104, Siurek's automobile was damaged in a collision with another party. The other party's insurance company did not settle immediately with Siurek, and it appears Siurek incurred expenses to obtain the settlement. As Siurek's insurer, Sentry Insurance, also did not pay his no-fault claim timely, Siurek recovered damages from Sentry for the reasonable rental value of another car while he awaited payment and for his expenses in obtaining the settlment. *Id.* at 107. These damages were awarded for Sentry's breach of the duty of good faith and fair dealing. *Id.* Siurek was denied any damages under his insurance contract, because he recovered all these damages from the other party's insurer, but Sentry was clearly obligated to pay under the policy until its obligation was fulfilled by payment from the other insurer.

In the case at bar, the Viles' insurance policies provided that the insurer *did not have to pay* the insured's loss until 60 days after the sworn proof of loss form was timely filed. Unless the proof of loss form was timely filed, or the filing waived, appellants had no obligation to pay the Viles at any time.

Under a liberal construction of the Viles' brief, it is possible that they are contending that the jury's answer to Question No. 3 in the charge was a finding adequate to show substantial compliance with, or waiver of, the proof of loss requirements. Question No. 3 reads:

> Did Defendants by failing to pay the claim of Plaintiffs breach the duty of good faith and fair dealing which they owed to Plaintiffs?

> You are instructed that a breach of good faith and fair dealing occurs when there is no reasonable basis for denial of a claim or there is a failure to determine whether there is any reasonable basis for the denial.[2]

> Answer: *Yes*

The insurance policies required timely filing of the proof of loss form as a condition precedent to payment of the loss. The appellants were not obligated to make any payment to the Viles unless and until the condition was performed. *See Brugette* 728 S.W.2d at 764. Unless this condition was met or waived, we hold the appellants had "a reasonable basis for denial of [the] claim." Furthermore, because there was no instruction to the jury on the effect of the failure to comply, nor a question on waiver, the jury's answer to Question No. 3 could not serve as an implied finding on the proof of loss issue.

In summary, the Viles' cause of action claiming lack of good faith and fair dealing was based on a claim that appellants refused to timely and adequately pay the Viles' loss without a reasonable basis for such refusal, or without appellants determining whether there was a reasonable basis for the refusal. However, when the Viles failed to submit a question to the jury asking about the proof of loss issue and the court overruled appellants' objections to the lack thereof, this was error and caused rendition of an improper judgment. TEX. R.APP.P. 81(b)(1).

The Viles' failure to submit a jury question on their compliance with the terms of the policy, or a waiver thereof, necessitates that we render the judgment the trial court should have rendered. *See Lone Star Gas Co., v. The Railroad Commission of Texas*, 32 Tex.Sup.Ct.J. 311 (Apr. 5, 1989). We sustain appellants' eleventh point of error.

We reverse the judgment and render judgment that the Viles take nothing.

---

**2.** This instruction is essentially the same as the definition provided in *Arnold v. Nat. County* *Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987).