**William J. VILES and Mary R. Viles, Petitioners,**

v.

**SECURITY NATIONAL INSURANCE COMPANY, Trinity Universal Insurance Co., and the Trinity Companies, Respondents.**

No. C–9006.

Supreme Court of Texas.

April 18, 1990.

Rehearing Overruled May 23, 1990.

Rickey J. Brantley, Fort Worth, for petitioners.

Larry L. Gollaher, Dallas, for respondents.

DOGGETT, Justice.

The issue in this appeal is whether an action for breach of the duty of good faith and fair dealing is barred because of the insured's failure to file a proof of loss form within the time period required by the insurance contract. The court of appeals found that the failure of the insureds to file timely a sworn proof of loss defeated their claim for breach of the duty of good faith and fair dealing. 773 S.W.2d 68. We reverse the judgment of the court of appeals and remand the cause to that court for consideration of points it did not reach.

In late June of 1986, William and Mary Viles filed a claim under their homeowner's insurance policies [1] for extensive moisture damage to the wood portions of the foundation of their home allegedly due to a leaking shower pan. The damage was discovered during an inspection made in connection with the planned sale of the house pursuant to an earnest money contract. After an appraiser for the Viles estimated the cost to repair the foundation at $33,500, the purchasers agreed to extend the time for closing of the sale on the condition that this amount be placed in escrow.

Although the Viles promptly notified their insurance agent of the claim, they did not submit a sworn proof of loss within 91 days of the loss as required by their homeowner's policies. There was, however, substantial activity during this time period. Having contacted their insurance agent, the Viles were informed that their claim would be resolved within thirty days. Shortly thereafter, an adjuster for the insurance companies inspected the Viles' house. During this inspection, the Viles provided to the adjuster a copy of the written appraisal report and told him of the pending sale. Several weeks afterwards, in late July, an engineer hired by the insur-

1. During the time period involved in this cause, there were seven different homeowner's policies issued to the Viles through the Lucien Wright Insurance Agency, with three different insurers: Security National Insurance Co. (December 14, 1979 through December 14, 1982), Trinity Universal Insurance Co. (December 14, 1982 through December 14, 1983 and December 14, 1985 through December 14, 1986) and Trinity Lloyds Insurance Co. (December 14, 1983 through December 14, 1985).

ance companies inspected the house. The adjuster later returned to the Viles' house, informed them that the bulk of their claim was denied and offered them $3,000 as a compromise settlement. The asserted basis for the denial was the contention of the insurance companies that most of the moisture damage was due to rot attributable to an old shower pan leak predating coverage under the policies.[2] It is undisputed that the adjuster's denial of the claim occurred before the 91–day time period for filing the sworn proof of loss had expired. The sale of the Viles' house fell through, and they eventually sold it to another purchaser for $36,500, well below the original contract price of $63,900.

The Viles brought an action for breach of contract and breach of the duty of good faith and fair dealing against Respondents, two insurance companies and a third company which apparently adjusted claims for these insurers. The jury answered questions favorably to the Viles, including an award for exemplary damages. The trial court rendered judgment on the basis of breach of the duty of good faith and fair dealing. The court of appeals reversed, holding that an insured must submit to the jury questions as to compliance with the terms of the policy, or alternatively a waiver thereof, as a prerequisite to maintaining a successful suit for breach of the duty of good faith and fair dealing. Because the Viles did not obtain a jury finding that the condition of a timely-filed proof of loss was either met or waived, the court of appeals found that, as a matter of law, the insurance companies had a reasonable basis for denial of the claim.

In *Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165 (Tex. 1987), this court recognized a duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law "as a result of a *special relationship* between the parties governed or created by a contract." *Id.* at 167 (emphasis supplied);

see also *Chitsey v. National Lloyds Insurance Co.*, 738 S.W.2d 641, 643 n. 1 (Tex. 1987). For this reason, we hold that a breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract. Consequently, the Viles were not required to submit to the jury questions as to compliance with the proof of loss condition contained in their homeowner's policies, or alternatively a waiver thereof, as a prerequisite to maintaining a successful suit for breach of the duty of good faith and fair dealing.

The court of appeals' reliance on our decision in *American Teachers Life Insurance Co. v. Brugette*, 728 S.W.2d 763 (Tex. 1987), a breach of contract case, is misplaced because it did not involve any claim for breach of the duty of good faith and fair dealing. While the failure to file a proof of loss, if not waived by the insurer, bars a breach of contract claim, it is not controlling as to the question of breach of the duty of good faith and fair dealing.

A failure to comply with a contract condition may, however, be evidentiary in the tort action. We held in *Arnold* that:

> A cause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay.

725 S.W.2d at 167. In certain circumstances, the failure to comply with the policy's requirement as to proof of loss may constitute a reasonable basis for denial of the claim. Whether there is a reasonable basis for denial, however, must be judged by the facts before the insurer at the time the claim was denied. The record shows, and counsel for Respondents admitted at argument, that the insurance companies denied the Viles' claim before the proof of loss

---

**2.** The Viles had made a claim for a shower pan leak in 1980 that was promptly paid, and they had repairs made at that time.

form was due. Hence, the failure to file that form within the 91–day period could not have been a basis for denial.

Our decision today promotes and preserves the policies underlying our recognition of a common-law tort action for breach of the duty of good faith and fair dealing in *Arnold* and subsequent cases. The "special relationship" between the insured and insurer imposes on the insurer a duty to investigate claims thoroughly and in good faith, and to deny those claims only after an investigation reveals there is a reasonable basis to do so. The concurring justices would destroy these policies and, in essence, abolish the tort by permitting the insurer to justify on any basis, no matter how technical and as late as trial, its failure to make a thorough investigation prior to denial of a claim.[3]

We reverse the judgment of the court of appeals and remand the cause to that court for consideration of points it did not reach.

HECHT, J., filed a concurring opinion in which PHILLIPS, C.J., and GONZALEZ and COOK, JJ., joined.

HECHT, Justice, concurring.

I join in the Court's judgment but not in its opinion, which goes further than it must or should to resolve the dispositive issue before us. That issue, precisely, is whether the Viles are entitled to recover against their insurers without a jury finding that the insurers waived the verified proof of loss required by the insurance policies. I agree that this issue must be resolved in favor of the Viles, but not for the expansive reasons chosen by the Court.

As a rule, whether an insurer has waived the proof of loss required by its insurance policy is a question to be answered by the

fact-finder, and the duty to request a finding is upon the insured claiming waiver. *American Teachers Life Ins. Co. v. Brugette*, 728 S.W.2d 763 (Tex.1987). However, an insurer's denial of a claim before the deadline for presenting the required proof of loss waives that requirement as a matter of law. *See Sanders v. Aetna Life Ins. Co.*, 146 Tex. 169, 205 S.W.2d 43, 44–45 (1947); *Hazlitt v. Provident Life & Accident Ins. Co.*, 212 S.W.2d 1012, 1013 (Tex. Civ.App.—San Antonio 1948), *aff'd*, 216 S.W.2d 805, 807 (Tex.1949); *Angelo State University v. International Ins. Co. of New York*, 491 S.W.2d 700, 701–02 (Tex. Civ.App.—Austin 1973, no writ). In this case, the testimony of the insurers' authorized adjuster that he decided first to deny the Viles' claim and then to offer them a fraction of the amount claimed as a compromise, all before the required proof of loss was due under the policies, establishes waiver of the requirement as a matter of law. Consequently, the Viles were not obliged to obtain a jury finding on this issue, and the court of appeals erred in holding to the contrary.

These reasons, supported by settled authority, are sufficient to resolve the issue presented in this case. It is therefore unnecessary, unwise and improper for the Court to hold, as it does, "that a breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract." 788 S.W.2d at 567. This holding suggests, at least, that a breach of the duty of good faith and fair dealing may occur even when there has been no breach of contract. The Court cites no authority for this statement. In both cases to which the Court refers, *Arnold v. National*

---

**3.** Justice Hecht, in his rather disparaging concurrence, attempts a shortcut to justice based upon a series of striking contradictions. While stating that the court need not decide whether defenses to a breach of contract action defeat a tort claim against the insurer for breach of the duty of good faith and fair dealing, he nonetheless implicitly answers that question affirmatively by determining that the contractual defense of waiver was established in this case as a matter of law. Then claiming that the court's

opinion addresses "issues not raised," he expresses a preference for a narrow holding supported by cases, not one of which has been cited by either party to this court, or for that matter to the court of appeals or the trial court. Finally, Justice Hecht condemns the court as "almost impatient to ... set its own agenda," yet our decision today focuses on the central argument joined by the parties, avoiding a court-navigated shortcut down the narrow side path advocated in his concurrence.

*County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex.1987), and *Chitsey v. National Lloyds Ins. Co.*, 738 S.W.2d 641 (Tex.1987), a breach of the contract of insurance accompanied the alleged breach of the duty of good faith and fair dealing. The concurring opinion in *Arnold* stated that a breach of contract was an element of a cause of action for breach of the duty of good faith and fair dealing. *Arnold*, 725 S.W.2d at 168 (GONZALEZ, J., concurring). I agree that the Viles' failure to present a timely proof of loss could not preclude them from recovering because the insurers had already decided before the proof of loss was due to deny the Viles' claim. The circumstances of this case, however, neither require nor support a general proposition that tort claims for breach of the duty of good faith and fair dealing are always "separate" from contract claims for breach of the underlying insurance policy.

Equally improvident is the Court's statement: "Whether there is a reasonable basis for denial [of a claim] ... must be judged by the facts before the insurer at the time the claim was denied." 788 S.W.2d 567. The statement is true in the context of this case: the Viles' failure to file a proof of loss could not have been a basis for the insurers' denial of the Viles' claim because it had not occurred at the time the claim was denied. In other contexts, however, the Court's statement is highly doubtful. For example, there may be a reasonable basis for denying a claim even if the adjuster who actually makes the decision is not aware of it and denies the claim for some other reason, even an invalid one. In this regard, the Court's statement appears to conflict with, if not contradict, the holding of *Aranda v. Insurance Company of North America*, 748 S.W.2d 210, 213 (Tex. 1988), that one element of a cause of action for breach of the duty of good faith and fair dealing is "the absence of a reasonable basis for denying or delaying payment of the benefits of the policy". This element requires an "objective determination of whether a reasonable insurer under similar circumstances would have delayed or denied the claimant's benefits", *id.*, not a subjective determination of whether the particular adjuster's denial of the claim was reasonable.

The Court attempts to contrive a profound case from a simple one, almost impatient to address issues not raised, as if this Court could set its own agenda. Its resulting discursive should be no obstacle to full consideration of the issues when properly presented in future cases.

PHILLIPS, C.J., and GONZALEZ and COOK, JJ., join in this concurring opinion.