[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO STRIKE THE SECOND,THIRD AND FOURTH COUNTS OF THE PLAINTIFFS' COMPLAINT
On July 21, 1994, the plaintiffs, Philip Vandrilla and Patricia Devlin, filed a five count amended complaint against the defendant, Middlesex Mutual Assurance Company. In the first count, CT Page 11541 the plaintiffs allege that the defendant issued them an insurance policy on their residence, which was in effect when the plaintiffs suffered a fire loss and that the defendant breached the insurance contract when it failed to pay the claim the plaintiffs submitted as a result of the fire. In the second count, the plaintiffs allege that the defendant acted in bad faith in that it failed to adjust and negotiate properly, failed to investigate properly, failed to properly apply and interpret the policy provisions, and intentionally delayed payment of the claim. In the third count, the plaintiffs allege that the defendant violated the provisions of General Statutes § 38a-815 et. seq. (Connecticut Unfair Insurance Practices Act ("CUIPA")). Specifically, the plaintiffs allege that the defendant violated: (1) § 38a-816(6) by engaging in unfair settlement practices with such frequency as to constitute a general business practice; (2) § 38a-816(2) by making, publishing, disseminating, circulating, or placing before the public, untrue, deceptive or misleading assertions and (3) § 38-816(7) by failing to maintain a complete record of all complaints. In count four, the plaintiffs allege that the defendant's actions violated the provisions of General Statutes § 42-110b et seq. (Connecticut Unfair Trade Practices Act ("CUTPA")) and count five incorporates the allegations of the prior counts and states a cause of action for damages for emotional distress.
The defendant has filed a motion to strike the second, third and fourth counts of the plaintiffs' amended complaint and "that portion of the fifth count which incorporates [them] by reference." At oral argument the defendant did not pursue its motion as to the fifth count after the court noted that under § 147(3) of the Practice Book a request to revise rather than a motion to strike, is the procedural device that must be used where a party seeks to obtain the "separation of causes of action which may be united in one complaint when they are improperly combined in one count" with another cause of action.
The reason for the claimed insufficiency of the second count as stated by the defendant in its motion is that the "defendant's breach of its duty under the contract of insurance must be proven before an action for bad faith can lie." The third and fourth counts are claimed to be legally insufficient because they allege unfair "insurance and trade practices and are not properly joined with the remaining counts of the plaintiffs' complaint as amended.
The defendant acknowledges in its brief that no Connecticut court has expressly endorsed the unique proposition that a CT Page 11542 complaint that alleges bad faith against an insurer does not "state a claim upon which relief can be granted" as a matter of law because of a deficiency of proof as to an essential element. It relies instead on cases in other jurisdictions which indicate or suggest that a bad faith claim for failure to pay cannot be brought if the underlying contractual breach is not proved, that if there is an arguable basis for the denial of coverage, a bad faith claim does not lie, and that the plaintiff must show that he would be entitled to a directed verdict on the contract claim before a bad faith action can be brought.
The defendant does not, however, cite decisions of other state courts which reject such impediments to the conventional rules of pleading and proof and that endorse the traditionally liberal policy of the courts of this state of encouraging litigants "to settle, so far as the same can be conveniently done, all their controversies in one civil action, by permitting the plaintiff to state in his complaint the causes of action he may have against the defendant . . . ." Boothe v. Armstrong, 80 Conn. 218, 223. For example, the Texas Court of Appeals has rejected the identical argument made by the defendant insurer in this case and held that both claims should ordinarily be tried together because the "doctrine of judicial economy mandates the joinder whenever possible of related claims where it may be done without undue prejudice to the rights of the parties." Underwriters LifeInsurance Co. v. Cobb, 746 S.W.2d 810, 814 (Tex.App. 1988); see also Viles v. Security National Insurance Co., 788 S.W.2d 566, 567
(Tex. 1990).
Our Supreme Court has stated that it "recognizes an independent cause of action in tort arising from an insurer's common law duty of good faith." Buckman v. People Express, Inc.,205 Conn. 166, 170. The cause of action was first recognized in this state at the trial court level in Grand Sheet Metal ProductsCo. v. Protection Mutual Insurance Co., 34 Conn. Sup. 46, in connection with a fire insurance claim, by Judge Hull in his decision which endorsed the holding of the California Supreme court in Gruenberg v. Aetna Insurance Co., 510 P.2d 1032, 1038 (1973) (which was also a first party fire insurance claim) that an insurer's failure to deal fairly and in good faith with its insured may give rise to a cause of action in tort which does not arise from the terms of the insurance contract but is a duty imposed by law notwithstanding that it also constitutes a breach of contract.
The defendant's motion to strike the second count seeks, in CT Page 11543 essence, to impose upon these plaintiffs the burden of pleading and proving their case in two separate proceedings. Moreover, the practical effect of the granting of its motion for the reasons stated therein would be to overturn well-settled case law, in this jurisdiction, at least, that a bad faith claim against an insurer is recognized as an independent cause of action in tort.
For the foregoing reasons, the defendant's motion to strike the second count on the grounds stated therein is denied.
The defendant also seeks to strike the third (CUTPA) count and the fourth (CUIPA) count on the ground of misjoinder because, as stated in its memorandum of law in support of the motion (p. 12), "[t]he causes of action alleging breach of contract and bad faith are factually distinct from those purporting to allege violations of CUIPA and CUTPA." The underlying operative facts which are common to all counts of the complaint and are incorporated into each count by reference are that the defendant issued a policy of insurance insuring the plaintiffs' residence, that they suffered a fire loss to their property, that they gave notice and submitted a claim, and that the defendant refused to pay the full amount of the damages that they claimed to have suffered.
Section 52-97 of the General Statutes, and its counterpart in § 133(7) of the Practice Book, provide that separate causes of action may be joined in one complaint "upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the subject of action." Practice Book § 134 defines "[t]ransactions connected with the same subject of action" as transactions which grew out of the subject matter in regard to which the controversy has arisen . . . ."
In this connection the word "transaction" may properly be applied "to any dealings between the parties resulting in wrongs, without regard to whether the wrong be done by violence, neglect or breach of contract." Craft Refrigerating Machine Co. v. QuinnipiacBrewing Co., 63 Conn. 551, 561. It should be liberally construed and used as it is commonly understood rather than in any technical legal sense, so that the "same transaction" standard is met if the average person "would consider everything stated in the complaint as properly belonging to a narrative of the whole transaction between the parties, and necessary for the information of one who was to form a judgment as to their respective rights." Id. 561.
A cause of action under CUTPA may properly be joined with one CT Page 11544 for breach of contract provided they arise out of the same transaction. Hartzheim v. Derekseth Corp. , 2 CSCR 537 (April 10, 1987) (Noren, J.). Where the same transaction gives rise to an independent cause of action in tort arising from an insurer's common law duty of good faith as well as a cause of action based on the violation of a statute they may both be pleaded in the same complaint and the fact that statutory remedies may also be available is not inconsistent with the related common law claim. See Buckman v. People's Express, supra 170, 172.
For the foregoing reasons the defendant's motion to strike the third and fourth counts of the amended complaint on the ground of misjoinder is denied.
Hammer, J.