

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00402-CV
_____

CITY OF SPEARMAN, TEXAS, APPELLANT

V.

TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL, APPELLEE

On Appeal from the 84th District Court
Hansford County, Texas
Trial Court No. CV05443, Honorable Curt W. Brancheau, Presiding

March 11, 2020

OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ

The City of Spearman sued the Texas Municipal League Intergovernmental Risk Pool ("TML"), a governmental self-insurance fund, for breach of contract after TML allegedly underpaid its property insurance claim. The trial court granted TML's motion for summary judgment and dismissed Spearman's breach of contract claim with prejudice. We affirm the judgment.

*Background*

TML provides property insurance coverage to Spearman. On September 16, 2016, Spearman submitted a "Claims Notice" to TML reporting "hail damage to buildings" from a hailstorm occurring on May 16, 2016. Days later, TML sent an adjuster to inspect five buildings for hail damage. The adjuster estimated the replacement-cost value of the covered loss from the 2016 storm was $5,437.66.

On November 30, 2016, TML sent Spearman a "Sworn Statement in Proof of Loss" to sign, reflecting the adjuster's estimate of the loss. Spearman did not return the proof of loss. Nor did it file any other sworn proof of loss.

Later, Spearman retained a roofing contractor to inspect "some of the buildings" and provide an estimate of the required repairs. Spearman submitted the estimates to TML. In December of 2016, TML sent an engineering firm to conduct a second inspection. The engineers inspected nine buildings and determined that there was no additional covered loss beyond that identified by TML's adjuster in the initial inspection. TML notified Spearman of the results of the inspection by letter of February 13, 2017.

In May of 2017, Spearman filed suit against TML for breach of contract, claiming that TML had improperly denied coverage and underpaid the claim. TML answered the suit and filed a traditional and no-evidence motion for summary judgment. In its motion, TML claimed that there was no breach of contract because: (1) Spearman failed to timely submit a sworn proof of loss, (2) Spearman could not recover the replacement-cost-value of the loss because Spearman did not repair or replace the alleged damages within the policy's two-year deadline, (3) the policy did not provide replacement-cost coverage for all buildings allegedly damaged, (4) Spearman failed to timely submit a notice of loss

2

resulting in prejudice to TML, and (5) Spearman's alleged losses were caused by excluded perils.  TML also claimed that Spearman could not recover its attorney's fees due to TML's governmental immunity.  The trial court granted TML's motion for summary judgment without specifying the grounds for its ruling and dismissed Spearman's breach of contract claim with prejudice.  Spearman appeals the summary judgment order.

*Standard of Review*

We review the trial court's summary judgment under the standard described in *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680-81 (Tex. 2017) and apply it here.  When the trial court does not specify the grounds for its ruling, the summary judgment must be affirmed if any ground on which judgment was sought has merit.  *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013).

*Analysis*

Spearman challenges each ground presented in TML's motion for summary judgment.  We only address the sworn proof-of-loss issue, as it is dispositive.  Through it, TML asserted that "[t]he City's failure to submit a proof of loss, which is a condition precedent to recovery, prevents it from recovering any additional self-insurance benefits . . . as a matter of law . . . ."  Reference to a proof of loss appears within section IV of the policy's "General Conditions."  Section IV is labelled "In the Case of Loss."  Under subparagraph D, labelled "Proof of Loss," it states:

> It shall be necessary for the Member to render a signed and sworn proof of loss to [TML] or its appointed representative, within 60 days, stating the place, time, and cause of the loss, damage, or expense, the interest of the Member and of all others, the value of the property involved in the loss, and the amount of loss, damage, or expense.

We further note that subparagraph G ("Payment of Loss") of the same subsection also provides that "[a]ll adjusted claims shall be due and payable no later than 60 days after presentation and acceptance of proofs of loss by [TML] or its appointed representative." No proof of loss, sworn or otherwise, was filed by Spearman.

According to the Texas Supreme Court, a proof of loss is a "condition[] precedent to recovery on the policy." *Am. Teachers Life Ins. Co. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987); *accord Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) (stating that "[w]hile the failure to file a proof of loss, if not waived by the insurer, bars a breach of contract claim, it is not controlling as to the question of breach of the duty of good faith and fair dealing"); *see also, Lemon v. Hagood*, 545 S.W.3d 105, 118 (Tex. App.—El Paso 2017, pet. denied) (noting that filing a proof of loss is a condition precedent subject to waiver). Having failed to tender a proof of loss as required by the policy at bar, Spearman also failed to satisfy a condition to recovering on the policy.[1] *See Hous. Auth. of the City of Alice v. Tex. Mun. League Self-Ins. Fund*, No. 04-17-00465-CV, 2018 Tex. App. LEXIS 6196, at \*14 (Tex. App.—San Antonio Aug. 8, 2018, pet. denied) (mem. op.) (holding that the Housing Authority fell short of proving breached contract since it "did not conclusively establish compliance with the proof of loss provision, which is a condition precedent to the . . . ability to bring suit against the Fund"). Thus, the trial court had before it at least one ground upon which to grant the summary judgment.

---

[1] Substantial compliance and waiver may relieve an insured from the effect of neglecting to tender a proof of loss. *Am. Teachers Life Ins. Co.*, 728 S.W.2d at 764. Yet, Spearman pursued neither avenue through its response to summary judgment or its appellant's brief. Because those contentions were not before the trial court, neither can serve as a basis for reversing the summary judgment. TEX. R. CIV. P. 166a(c) (stating that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal").

Two attacks are proffered by Spearman to avoid this outcome.  One pertains to the time by which the proof of loss must be tendered.  The other concerns whether TML established that it suffered prejudice due to Spearman's omission.  Regarding the former, the insured contends that the policy provided no deadline for submitting the document.  Instead, the provision merely states that it must be filed "within 60 days."  Spearman does not bring its observation to a conclusion.  In other words, we are not sure what it attempts to say.  It could be suggesting that because there was no designated point at which the 60-day period commenced, it may file one whenever it chooses and still can file one.  Or, it could be insinuating that the provision is unenforceable as somehow incomplete.  If the former, then Spearman sued a bit prematurely since the time period within which TML had to pay "adjusted claims" was triggered by submitting a proof of loss.  No proof of loss would seem to mean no obligation to ever pay, which itself is a proposition that an insured like Spearman would most likely not support.

If the latter (*i.e.*, unenforceable because incomplete), then, Spearman's argument lies upon a defective foundation.  Our rules of contract interpretation obligate us to consider the context of the language being construed.  As said in *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015), an insurance policy is a contract normally governed by the same rules of construction as all other contracts.  Unless the policy dictates otherwise, we assign its words and phrases their ordinary meaning while reading them in context and in light of the rules of grammar and common usage.  *Id.*  The context here requires, at the very least, consideration of subsection D's location within the insurance policy.  It appears under section IV entitled "In the Case of Loss."  *See id.* at 121 (observing that "headings and titles provide context and can inform the meaning of

5

the sections they label"). "In the Case of Loss," the insured has the obligation to report the loss "as soon as practicable after any loss or damage," according to subsection A. Next, subsection D specifies the time for tendering a sworn proof of loss. If the parties cannot agree upon the "amount of loss," then they may invoke the procedural remedy encompassed in subsection E, that is, appraisal; the time to invoke it is 60 days from when the insurer receives the proof of loss. In turn, subsection G dictates when payment must be made, which is within 60 days from acceptance of the very same proof.

The foregoing subsections and the manner in which they appear are informative. They reveal that section IV of the policy establishes a procedure. It begins with an insured suffering a loss. Suffering such a loss triggers the insured's contractual duty to initially report it "as soon as practicable." That leads to the insured proffering evidence of the claim's extent through the proof of loss. *See U.S. Fire Ins. Co. v. Lynd Co.*, 399 S.W.3d 206, 216–17 (Tex. App.—San Antonio 2012, pet. denied) (stating that while not conclusive or binding, statements in a proof of loss are "prima facie evidence" of the facts recited in the proof); *In re Republic Lloyds*, 104 S.W.3d 354, 359 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (stating that the "purpose of a proof of loss is to advise the insurer of facts surrounding the loss for which a claim is being made, and to afford the insurer an adequate opportunity to investigate, to prevent fraud, and to form an intelligent estimate of its rights and liabilities"). What then follows is adjustment and payment of the loss, all of which implicate the proof of loss. But, most importantly, all of these steps begin at the point an insured suffers a loss. Simply put, suffering a loss is the first toppling domino that leads to the toppling of the others. Given this context, reason compels us to deduce that the parties to the policy intended the contractual 60-day period

within which to submit a sworn proof of loss to begin with the toppling of the first domino, *i.e.*, the point an insured suffers a loss. So, we reject Spearman's supposition that the policy contained no starting point triggering the time period expressed in subsection D.

As for Spearman's contention that its omission is important only if it prejudices TML, we are aware of recent Texas Supreme Court precedent reading such an element into an insured's delay reporting a loss or suit. *See PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636–37 (Tex. 2008) (holding that "an insured's failure to timely notify its insurer of a claim or suit does not defeat coverage if the insurer was not prejudiced by the delay"). Yet, we do not deal with a clause requiring timely notification of a loss. We deal with a sworn proof of loss. It differs given that it provides prima facie evidence of a loss, *see U.S. Fire Ins. Co. v. Lynd Co., supra*, as opposed to simply informing an insurer of a purported loss.

So too are we aware of various federal trial courts unilaterally expanding *PAJ* to encompass the obligation of submitting proofs of loss. *See, e.g., Polen v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00842, 2017 U.S. Dist. LEXIS 22619, at *7 (E.D. Tex. Feb. 17, 2017) (stating that "[m]ore recently however, the Texas Supreme Court has changed course and adopted a broad notice-prejudice rule"). Yet, opinions issued by federal courts dealing with Texas law do not bind us. Rather, we are "[d]uty-bound to follow the supreme court's precedent . . . ." *Abdullatif v. Choudhri*, 561 S.W.3d 590, 623 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). As for our authority to act upon what allegedly may be perceived as likely changes to binding precedent, our Supreme Court also spoke to that. "It is not the function of a court of appeals to abrogate or modify established precedent." *Lubbock Cty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580,

585 (Tex. 2002).  "That function lies solely with this Court."  *Id.*  So, being told by the very same court that a proof of loss is a "condition[] precedent to recovery on the policy," *Am. Teachers Life Ins. Co.*, 728 S.W.2d at 764, we must follow that edict until the higher court changes it.  The same is no less true of a Texas trial court, and it did so here.

That the policy at bar assigns greater significance to submitting a proof of loss than initially reporting a loss also sways us against ignoring both *American Teachers* and *Trammel's Lubbock Bail Bonds*.  Aside from the fact that the former constitutes evidence of a loss, providing that evidence by a particular date sets in motion other matters.  Again, it establishes when 1) parties to the insurance agreement may invoke the appraisal clause and 2) the insurer must pay the loss.  Doing such indicates that the proof of loss serves a key purpose that differs from merely placing the insurer on notice of a potential loss or claim.  It serves as a key domino in the procedural structure for adjusting claims built into the policy.  Under these circumstances, we hesitate to unilaterally extend *PAJ*, as did some federal trial courts.

Having found one ground supporting the decision, we affirm the trial court's summary judgment.

Brian Quinn
Chief Justice
