**John Robert PACKER, Appellant,**

**v.**

**The TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Appellee.**

**No. 01–94–00290–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 21, 1994.

Vern J. Thrower, Allen A. King, Jr., Houston, for appellant.

Elena DiIorio, Sherie Potts Beckman, Ann Ashton, Houston, for appellee.

Before WILSON, DUGGAN and DUNN, JJ.

## OPINION

WILSON, Justice.

John Packer, appellant, sustained a job-related back injury. All agree the medical costs attributable to the injury were covered under a workman's compensation policy issued by appellee, the Travelers Indemnity Company of Rhode Island. Packer sued Travelers, claiming he was further damaged by a bad faith delay in authorizing back surgery. The trial court granted a summary judgment in favor of Travelers, and Packer now challenges the adverse ruling. We find the evidence conclusively establishes that a reasonable basis existed for the delay, and we affirm.

**Fact Summary**

Appellant's back was injured on November 1, 1990. On November 8, appellant saw Dr. Homero Anchondo, based on a referral from his employer's selected physician, Dr. Eghtedor Sadeghpour. Dr. Anchondo recommended conservative treatment, and stated further observation of appellant's complaints would be appropriate. On December 7, 1990,

appellant saw a physician of his choice, Dr. Donald Lazarz. An MRI was performed, and a disk herniation and muscle spasms were observed. Dr. Lazarz made no recommendation regarding surgery at that time.

On April 22, 1991, appellant again saw Dr. Anchondo, based on a referral from Travelers. At that time, Dr. Anchondo stated he did not believe surgery would be appropriate, and that he believed appellant was faking his injuries. This opinion was based, at least in part, on his nurse's observation of appellant's "improvement" in his gait when he left the doctor's office. He concluded he did not believe he could help appellant further.

On June 24, 1991, Dr. Lazarz reformed his diagnosis, and recommended surgery. On July 2, 1991, he requested authorization from Travelers to perform surgery on appellant. Travelers responded by requesting that appellant be evaluated by another physician. Appellant complied and saw Dr. Richard DeYoung, who advised against surgery.

By agreement of the parties, appellant was examined in November 1991 by Dr. Gregory Hansen, who also recommended against surgery. Thus, in a treatment period covering one year, four physicians initially recommended conservative treatment and no surgery; one of the four changed his diagnosis to recommend surgery. Travelers eventually approved surgery for appellant on or about April 1992, the same time the compensation case was settled.

## Standards of Review

A workers' compensation carrier has a duty of good faith and fair dealing to claimants. *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 212–13 (Tex.1988). "A breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract." *Transportation Ins. Co. v. Moriel*, 37 Tex.Sup.Ct.J. 883, 887, 1994 WL 246568, *6 (June 11, 1994) (quoting *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990)).

In order to establish a breach of this duty, a plaintiff must show: (1) the absence of a reasonable basis for denial or delay in payment on the claim; and (2) the carrier knew or should have known there was no reasonable basis for denying or delaying the claim. *Aranda* 748 S.W.2d at 213. The focus of the bad faith inquiry is on the reasonableness of the carrier's conduct in rejection (or delaying payment) of the claim. *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex.1993) (reviewing a "no evidence" point of error). While we recognize that *Lyons* was a "no evidence" case, its analysis is properly applied in a summary judgment case because the quantum of evidence necessary to raise a fact issue is the same in both contexts. *See, e.g., Pioneer Chlor Alkali Co., Inc. v. Royal Indem. Co.*, 879 S.W.2d 920, 938–940 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Emscor Mfg. v. Alliance Ins. Group*, 879 S.W.2d 894, 910–911 (Tex.App.—Houston [14th Dist.] 1994, n.w.h.).

Our review of the judgment is limited to the issues presented to the trial court in the motion for summary judgment. Tex. R.Civ.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex. 1979); *Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). A summary judgment is not entitled to the same deference given a judgment following a trial on the merits. The movant has the burden of showing there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and every reasonable inference in favor of the nonmovant will be resolved in its favor. *Nixon*, 690 S.W.2d at 548–49; *Clark v. Pruett*, 820 S.W.2d 903, 905 (Tex. App.—Houston [1st Dist.] 1991, no writ).

Therefore, under the posture and facts of this case, the Travelers assumed the burden in the summary judgment procedure by trying to conclusively prove the existence of a bona fide dispute over the appropriate medical management of Mr. Packer's back condi-

tion. By its ruling, the trial court necessarily found the existence of such a good faith controversy, thereby legally justifying the delay in authorizing appellant's surgery and precluding as a matter of law a finding of bad faith.

## Points of Error

Appellant attacks both the substance and form of Travelers' evidence. Mr. Packer argues in two points of error that: (1) the trial court erred in its grant of summary judgment because it disregarded plaintiff's evidence and failed to apply the correct legal standard; and (2) the trial court erred in its grant of summary judgment because Travelers' summary judgment proof is defective.

Travelers argues it proved conclusively there was a reasonable basis for the delay in authorization of the surgery. The evidence relied upon by Travelers included the affidavit of Laura Nelson, a claims adjuster, as well as records from various physicians who treated and/or examined appellant. Appellant challenges the affidavits of Laura Nelson and the physicians. We first consider the form of the evidence offered.

## Nelson's affidavit

Appellant asserts the affidavit of Laura Nelson is improper summary judgment evidence because it is the testimony of an interested witness, and it is the only evidence of appellee's "reasonable reliance" on the conflicting medical reports. The testimony of an interested witness offered to support a summary judgment may be relied upon only if the evidence is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989). Further, "If the credibility of the affiant ... is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate." *Id.* at 558.

Nelson's affidavit stated, *inter alia:*

1. She was a claims adjuster with Crawford & Company with several years experi-

ence adjusting and investigating Texas workers' compensation claims;

2. She was requested to authorize Mr. Packer's surgery by Dr. Lazarz' office;

3. She personally participated in adjusting Mr. Packer's claim and helped decide to originally deny authorization for surgery;

4. She received reports on Mr. Packer's medical condition from Drs. Anchondo, DeYoung and Hansen;

5. None of the reports recommended surgical intervention other than Dr. Lazarz;

6. Crawford & Company relied upon the opinions of Drs. Anchondo, DeYoung, and Hansen in reaching its conclusion to deny surgery; and

7. Workers' compensation was paid at the maximum rate of $252 per week from November 2, 1990, until April 16, 1993.

We find the credibility of Nelson is not so intertwined with the facts sought to be proved as to render the affidavit incompetent summary judgment evidence. Further, we hold Nelson's credibility would not be a dispositive factor in determining the reasonableness of the delay,[1] and that the material evidence proved by the affidavit could be readily controverted. Whatever Nelson's subjective desires were as to the disposition of Mr. Packer's claim, under the evidence before us, they are not relevant to proving the existence of a conflict in medical opinion.

## Evidence from the physicians treating appellant

Appellant challenges the records of the physicians who treated him and recommended against surgery as improper summary judgment evidence because there is no evidence that the doctors are qualified experts. The physicians are identified in the affidavits and the attached records as "M.D.," and are further identified on their letterheads by their respective areas of expertise. Dr. Hansen is a medical doctor specializing in reconstructive spinal surgery, Dr. DeYoung specializes in orthopedic surgery, and Dr. Anchondo is a neurosurgeon.

1. Appellant presented no evidence challenging: (1) the medical opinions themselves; (2) the reasonableness of the insurance carrier in relying on the opinions; (3) Nelson's qualifications; (4) that reasonable adjusters would not have acted as Nelson or the carrier did.

For better or worse, the insurance company is entitled to prove why it delayed authorizing surgery for Mr. Packer's back, and it offered a conflict in medical opinion (three opposed to and one favoring surgery) as the reasonable basis for the delay. The fundamental issue for the trial court to determine was whether the company's explanations for delay were reasonable, whatever its explanations were.

Whether the "alleged" doctors were in fact licensed physicians, or were practicing outside their stated areas of expertise, or were capable of rendering opinions relative to Mr. Packer's back, are potentially questions of substance in the context of this case. Travelers offered proof of the physicians' respective opinions at its own peril. But appellant has offered no substantive proof that reliance on their opinions was not reasonable because of any of the alleged shortcomings used to challenge the form of the proof, or for any other reason.

Again, the issue in the case is the reasonableness of the insurance company's reliance on the physicians' opinions, and the opinions are before the fact finder for that purpose alone. The trial court properly considered the evidence of the physicians' opinions concerning the treatment of appellant as summary judgment evidence because Travelers had relied upon it.

We believe the objection by appellant to the form of the proof was misdirected, and was properly denied by the trial court. The evidence of the physicians' opinions put before the trial judge reflected accurately what the carrier claimed it considered, both in form and substance. Point of error two is overruled.

**Was summary judgment properly granted on merits?**

We next consider whether this evidence establishes as a matter of law that Travelers had a reasonable basis for the denial of appellant's claim. Appellant argues the trial judge did not consider his evidence and applied the incorrect legal standard to the substantive issue before the court.

■■ Despite liability for bad faith denials of insurance claims, insurance carriers retain the right to deny invalid or questionable claims without being subject to liability for erroneously denying those claims. *Aranda*, 748 S.W.2d at 213. A bona fide controversy concerning an insurer's liability is sufficient reason for an insurer to fail to pay a claimant, and will not rise to the level of bad faith. *Moriel*, 37 Tex.Sup.Ct.J. at 888, 1994 WL 246568, at *6; *National Union Fire Ins. Co. v. Dominguez*, 873 S.W.2d 373, 376–77 (Tex.1994); *State Farm Lloyds v. Mower*, 876 S.W.2d 914 (Tex.App.—Houston [1st Dist.] 1993, writ requested); *National Union Fire Ins. Co. v. Hudson Energy Co. Inc.*, 780 S.W.2d 417, 426 (Tex.App.—Texarkana 1989), *aff'd*, 811 S.W.2d 552 (Tex.1991). This is particularly true if this controversy concerning liability is sparked by reliance on expert reports. *Lyons*, 866 S.W.2d at 601. We find that the evidence presented to the trial court demonstrated that a bona fide controversy existed based on conflicting expert reports, and that appellee, by relying on these reports, did not act in bad faith.

■■ Once the appellee has established entitlement to summary judgment as a matter of law, the burden then shifts to the appellant to demonstrate the existence of a genuine dispute as a material fact. *Casso*, 776 S.W.2d at 556. Appellant argues that a fact issue concerning bad faith was raised by the evidence offered showing that the investigation by the insurance company was "outcome oriented." This evidence included excerpts from Travelers' claims diary indicating they were attempting to steer appellant to particular doctors, and away from his choice of doctor. The entries relied upon were:

January 4, 1991—"Since clmt. not represented—try to steer him to someone else," with an arrow drawn to the name of Dr. Lazarz.

January 15, 1991—"We'll ask him to see Dr. Larrey after EMG results."

March 28, 1991—"Sent contact letter to clmt. for him to contact me about going for another opinion."

April 11, 1991—concerning a telephone conference where appellant called Travelers, "Agreed to go to Anchondo—saw him in hosp."

May 1, 1991—"Try to settle. Anchondo can't help—how are you going to stop comp."

July 30, 1991—"Called Dr. DeYoung—he showed! What happened? Disagreed w/ surgery recommendation. (yea!)"

However, Travelers continued to pay for treatments by appellant's doctor of choice, but insisted on other professional opinions before authorizing surgery. Such evidence does not show that Travelers' reliance on the conflicting medical reports was an unreasonable basis for the denial of the claim. *See Dominguez,* 873 S.W.2d at 376–77. Requiring second opinions and relying on expert's reports will not support a bad faith claim under *Aranda.* 748 S.W.2d at 213. Appellant presented no evidence showing the doctors' reports were not objective or that reliance on the reports was not reasonable. *See Lyons,* 866 S.W.2d at 601 (discussing legally insufficient evidence). No medical evidence was offered showing that appellant's condition had worsened, and that the change would warrant reconsideration of the denial of his claim. The fact that Nelson or other Travelers agents subjectively desired to deny Mr. Packer's claim for surgery is no evidence as to whether appellee acted appropriately based on the objective evidence presented to it in the form of the physicians' opinions. On the reasonableness of the delay, appellant failed to raise a fact issue.

We overrule appellant's first point of error and affirm the judgment of the trial court.