**Francisco ESTRADA and Leticia Estrada, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. DR–94–CA–52.**

United States District Court, W.D. Texas, Del Rio Division.

July 17, 1995.

322

John Philip Watkins, Watkins & Brock, P.C., San Antonio, TX, for plaintiffs.

Richard W. Hunnicutt, III, Plunkett, Gibson & Allen, Inc., San Antonio, TX, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BIERY, District Judge.

The Court considered the motion for summary judgment filed by State Farm Mutual Automobile Insurance Company ("State Farm"), plaintiffs' response and defendant's reply. For the reasons stated below, defendant's motion for summary judgment is granted.

Motions for summary judgment are authorized by Rule 56 of the Federal Rules of Civil Procedure. These motions permit the Court to resolve lawsuits without the necessity of trials if there is no genuine dispute as to any facts which are material. Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This litigation arose out of an automobile accident involving plaintiff Francisco Estrada and an uninsured motorist. At the time of

the accident, August 7, 1992, Francisco Estrada was driving eastbound on El Indio Highway and was struck by the other vehicle as it travelled westbound on El Indio Highway and attempted to make a left turn onto Brown Street.[1] The plaintiffs offered to settle for $100,000, their policy limit. State Farm repeatedly rejected the plaintiffs' offer, but agreed to settle the matter for lesser amounts. The contractual liability issue, however, was not resolved and the parties agreed to arbitrate the plaintiffs' personal injury claims on December 13, 1993. The arbitrator granted the plaintiffs an award of $93,500, which State Farm paid. The plaintiffs do not contend the defendant breached its contractual duty as a result of the events leading up to the settlement. Rather, in their complaint, the plaintiffs allege State Farm violated its common law and Texas statutory duty of good faith and fair dealing by delaying payment of their claim. Specifically, the plaintiffs allege State Farm acted in "bad faith" by not settling the case for an amount close to policy limits until after the arbitrator made his award.

In a bad faith or "extra-contractual action" where the plaintiff is asserting the insurer breached the duty of good faith and fair dealing by refusing to pay or delaying payment of a claim, the plaintiff must establish: (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy and (2) the insurer knew or should have known there was not a reasonable basis for denying the claim or delaying payment of the claim. *National Union Fire Ins. Co. v. Dominguez,* 873 S.W.2d 373, 376 (Tex.1994); *Robinson v. State Farm Fire & Cas. Co.,* 13 F.3d 160, 162 (5th Cir.1994); *Lockett v. Prudential Ins. Co. of Am.,* 870 F.Supp. 735, 740 (W.D.Tex.1994). Despite potential liability for bad faith delays or denials of insurance claims, insurance carriers retain the right to delay or deny payment of questionable claims without being subject to liability for erroneously delaying or denying those claims. *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex.1988). A bona fide controversy concerning an insurer's

liability is sufficient reason for an insurer to fail to promptly pay a claimant and will not rise to the level of bad faith. *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994); *Dominguez,* 873 S.W.2d at 376–77; *National Union Fire Ins. Co. v. Hudson Energy Co.,* 780 S.W.2d 417, 426 (Tex.App.—Texarkana 1989), *aff'd,* 811 S.W.2d 552 (Tex. 1991). This is particularly true when the controversy concerning liability is sparked by reliance on expert reports. *Lyons v. Millers Casualty Ins. Co.,* 866 S.W.2d 597, 601 (Tex. 1993). At the time this matter arose, the State of Texas law was considerably different, or at the very least in a state of flux, and since the pendency of this cause of action, the Texas Supreme Court has clarified the standards governing the imposition of damages in the context of bad faith litigation. *See e.g., Moriel,* 879 S.W.2d at 18 (level of conduct needed to prove bad faith in not found when evidence indicates a bona fide dispute about insurer's liability); *Dominguez,* 873 S.W.2d at 376 (setting forth elements of "reasonable basis" test); *Lyons,* 866 S.W.2d at 599 (as long as insurer has reasonable basis to deny or delay payment of claim, "even if that basis is eventually determined by the factfinder to be erroneous, the insurer is not liable for the tort of bad faith"); *Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566, 567 (Tex.1990) (absence of reasonable basis must be judged by facts insurer had at time it denied claim); *Aranda,* 748 S.W.2d at 213 (mere non-payment of claim is not in and of itself bad faith); *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987) (vital fact to be proved by plaintiff is complete absence of reasonable basis for denial of claim, delay in payment, or failure to investigate); *State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d 279, 284–85, 288 (Tex.App.—San Antonio, 1992, writ denied) (State Farm had reasonable basis to deny claim even though jury later decided State Farm should have paid claim because undisputed evidence before insurer made out circumstantial case of arson).

*Packer v. Travelers Indem. Co.,* 881 S.W.2d 172 (Tex.App.—Houston [1st Dist.]

---

1. Although not relevant to the disposition of this litigation, the defendants contend the plaintiffs received $50,000 from the allegedly uninsured motorist's insurance carrier. The plaintiffs dispute this, claiming they recovered under their own Uninsured Motorist policy.

1994, no writ), is instructive. The plaintiff, an injured worker, brought suit against his workers' compensation insurer alleging he was damaged by the insurer's bad faith delay in authorizing back surgery. *Id.* at 173. Four physicians initially recommended conservative treatment and no surgery; one of the four changed his diagnosis to recommend surgery. *Id.* at 174. The trial court found the insurance company had proved the existence of a bona fide dispute over the appropriate medical management of the plaintiff's back condition. *Id.* at 175. According to the trial court, this good faith controversy legally justified the delay in authorizing the plaintiff's surgery and precluded, as a matter of law, a finding of bad faith. In affirming the trial court, the appellate panel first determined the affidavit of the insurance claims adjuster, listing the physicians opinions the insurance company relied upon in delaying the plaintiff's claim, constituted competent summary judgment evidence. *Id.* The appellate court then explained:

> For better or worse, the insurance company is entitled to prove why it delayed authorizing surgery for [the plaintiff's] back, and it offered a conflict in medical opinion (three opposed to and one favoring surgery) as the reasonable basis for the delay.
>
> . . . .
>
> The evidence of the physicians opinions put before the trial judge reflected accurately what the carrier claimed it considered, both in form and substance.
>
> . . . .
>
> We find the evidence presented to the trial court demonstrated that a bona fide controversy existed based on conflicting expert reports, and that [plaintiff], by relying on these reports, did not act in bad faith.

*Packer,* 881 S.W.2d at 176. Finally, because the plaintiff presented no evidence showing the adjuster's statements and the doctors' reports were not objective, or that reliance on the reports was not reasonable, summary judgment in favor of the insurance carrier was affirmed. *Id.* at 177.

In this case, State Farm presented the affidavits of adjusters Carole Rauschuber and Richard Zavala outlining the reasons and information State Farm relied upon in analyzing the plaintiffs' claim. Mr. Zavala states he "and other representatives reviewed various records, including the records of Dr. Gonzales–Rios, Dr. Gilbert Meadows, Dr. Peyton Delaney, and several diagnostic studies, including x-rays, CT scans, a myelogram, and MRI scans. There was disagreement among the doctor's reports regarding the extent of the plaintiff's injuries and the existence of pre-existing conditions." The affidavit states Dr. Gonzales–Rios suspected a herniated disk at L4/5 which required surgery, but Drs. Meadows and Delaney interpreted the diagnostic studies differently, concluding the plaintiff suffered only from a "bulge or mild hour glass defect" at L4/5. In Dr. Meadows report, he disagreed that surgery would be required at that time, and also indicated the plaintiff was not medically unfit to work. Dr. Delaney made no mention of surgery, and opined Mr. Estrada's weight could be a contributing factor in his complaints. To support these affidavits, State Farm submitted additional affidavit testimony and the treating physicians' medical records, which were properly authenticated to satisfy the business record exception to the hearsay rule.

The plaintiffs contend Drs. Gonzales–Rios, Meadows, and Delaney "are in complete agreement that Mr. Estrada suffers from symptomatic spinal stenosis with mild disc bulges" and, therefore, no conflict of opinion exists. A review of the evidence, however, confirms State Farm's position there were conflicting opinions on, among other things, the severity of the plaintiff's injury, its effect on his lifestyle, whether treatment with epidural steroids would be effective, and the need for surgery. Moreover, even if the physicians agreed upon the back "injury," there clearly was a conflict in medical opinion as to the appropriate medical management of the plaintiff's back condition. *See Packer,* 881 S.W.2d at 173–74 (physicians agreed plaintiff's back was injured, but disagreed on whether surgery was appropriate treatment for plaintiff's back condition).

■ The plaintiffs also contend *Packer* does not apply because "it is irrelevant in regard to competent summary judgment evi-

dence in [f]ederal court." The plaintiffs argue the affidavits of the claims adjusters should not be allowed to support the motion for summary judgment. In both state and federal court, however, affidavits are a recognizable form of summary judgment evidence. FED.R.CIV.PROC. 56(a), (e); TEX.R.CIV.PROC. 166a. More importantly, however, affidavits of claims adjusters constitute competent summary judgment evidence in federal court. *See Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 902 (9th Cir.1982); *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 967–68 (3d Cir. 1982).

 As stated in *Packer*, "[f]or better or worse, the insurance company is entitled to prove ... a conflict in medical opinion ... as the reasonable basis for the delay." *Id.* at 176. After properly considering the evidence of the physicians' opinions, the Court concludes State Farm's explanation that it delayed payment because of a bona fide dispute over the appropriate medical management of Mr. Estrada's condition provides a reasonable basis for the delay in payment.

■ Once the defendant established entitlement to summary judgment, the burden then shifts to the plaintiff to demonstrate the existence of a genuine issue of material fact. *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir.1987). In this case, the plaintiffs have presented no evidence showing the physicians' reports were not reasonable, or that reliance on the reports was not reasonable. *Packer*, 881 S.W.2d at 177 (citing *Lyons*, 866 S.W.2d at 601). Moreover, the plaintiffs have presented no evidence challenging Ms. Rauschuber or Mr. Zavala's qualifications or that reasonable adjusters would not have acted as they or State Farm did. *Id.* at 175 n. 1. Accordingly, the plaintiffs have failed to meet their summary judgment burden.

In summary, the Court concludes the evidence presented demonstrates a bona fide controversy existed based on conflicting expert reports, and that State Farm, by relying on these reports, did not act in bad faith. Moreover, on the reasonableness of the delay, the plaintiffs failed to raise a fact issue. State Farm has established, therefore, it is entitled to summary judgment as a matter of law.

IT IS THEREFORE ORDERED that the motion for summary judgment filed by defendant State Farm is GRANTED.

IT IS FURTHER ORDERED that the above-styled and numbered cause is DISMISSED. Each party is to bear its respective costs. Motions pending with the Court, if any, are DENIED.

ORDERED, SIGNED and ENTERED.