**George LIAS, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

**No. 05–98–01424–CV.**

Court of Appeals of Texas, Dallas.

May 2, 2001.

Brenda J. Williams, Dallas, for Appellant.

Armando De Diego, Law Office of Armando De Diego, Dallas, for Appellee.

Lawrence R. Maxwell, Jr., Law Offices of Lawrence R. Maxwell, Jr., Dallas, Mediator.

Before Justices WRIGHT, O'NEILL, and ROSENBERG.[1]

## OPINION

BARBARA ROSENBERG, Justice (Assigned).

George Lias sued State Farm Mutual Automobile Insurance Company (State Farm) for breach of contract, breach of the duty of good faith and fair dealing, and violations of Texas Insurance Code article 21.55.[2] He alleged that State Farm re-

---

**1.** The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

**2.** In his brief, Lias contends he also brought this suit under article 21.21, the unfair settlement practices provision of the Texas Insurance Code. State Farm argues that Lias failed

to plead a violation of article 21.21. We agree with State Farm. However, in his first amended response to the motion for summary judgment, Lias specifically contended State Farm failed to comply with sections 4(10)(a)(ii), (iv), and (viii) of article 21.21. State Farm did not object to the response and

fused to pay benefits due within a reasonable time when it knew there was no reasonable basis for refusal to pay, and, for an unreasonable amount of time, State Farm offered an amount less than it knew the claim was worth. The trial court granted summary judgment in favor of State Farm and dismissed Lias's claims with prejudice. In a single issue, Lias contends the trial court erred in granting summary judgment. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

Lias was involved in an automobile accident in which he incurred $8,760.64 in medical expenses and $2,700 in lost wages. He received $25,000, the policy limits from the other motorist's insurance, and $2,500 from the personal injury protection portion of his State Farm policy. On January 26, 1995, Lias notified State Farm of his underinsured motorist's claim. On April 19, 1995, Lias demanded $25,000, the limit of his underinsured motorist policy, with documentation. Prior to August 1995, State Farm offered $1,500 and $3,000. In August 1995, State Farm sent Lias a check for $11,000. Lias filed this suit on March 30, 1996.

State Farm filed a motion for separate trials of the contract and the bad faith claims. The trial court granted the motion for separate trials. Lias nonsuited the contract claim when that cause was called for trial.

State Farm then filed a no-evidence motion for summary judgment alleging there was no evidence that it breached its duties of good faith and fair dealing or that it violated article 21.55 of the Texas Insurance Code. Specifically, State Farm alleged that it was reasonable in contesting the amount of Lias's claim because there were questions about contributory negligence and Lias's impairment ratings. Relying on *Republic Insurance Co. v. Stoker*, 903 S.W.2d 338, 340–41 (Tex.1995), State Farm also argued that there was no longer a claim for breach of the duty of good faith and fair dealing because Lias had nonsuited the breach of contract claim.

The trial court granted State Farm's motion for summary judgment without stating the grounds. Lias's motion for reconsideration/motion for new trial was overruled by operation of law. Lias appeals.

## SUMMARY JUDGMENT

In a single issue, Lias complains that the trial court erred in granting State Farm's motion for summary judgment. He argues that the nonsuited breach of contract claim does not preclude a cause of action for breach of the duty of good faith and fair dealing when the issue is delay in payment. He also contends that there is evidence that State Farm's actions were not reasonable and were prohibited under the prompt payment provision of article 21.55. Lias further contends that State Farm's actions were also prohibited as unfair settlement practices under article 21.21, section 4(10). State Farm responds that the breach of contract action was required to pursue the breach of the duty

---

the evidence offered in support of these statutory allegations in the trial court. *See Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991). Further, because section 4(10)(a)(ii) provides a statutory bad faith claim, we consider the propriety of granting summary judgment as to that claim in our consideration of Lias's common law bad faith claim. And, because Lias's pleadings generally raise issues directed to State Farm's explanation of its refusal to settle for the policy limits and to State Farm's investigation of the claim, we consider these issues raised as statutory claims. Therefore, we consider whether the trial court properly granted summary judgment on Lias's allegations pursuant to article 21.21.

of good faith and fair dealing action, and that there is no evidence it ever became reasonably clear that the amount Lias claimed should be paid. State Farm further responds that Lias failed to present any evidence showing when the timetables established by article 21.55 began to run.

## Standard of Review

In reviewing a no-evidence summary judgment, we apply the same legal sufficiency standard as we apply in reviewing directed verdicts. *Stephan v. Baylor Med. Ctr.*, 20 S.W.3d 880, 891 (Tex.App.—Dallas 2000, no pet.); *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. denied). We review the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *Stephan*, 20 S.W.3d at 891. We sustain a no-evidence summary judgment if: (1) there is a complete absence of proof of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *See Blan v. Ali*, 7 S.W.3d 741, 747 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Less than a scintilla of evidence exists when the evidence offered to prove a vital fact is so weak that it does no more than create a mere surmise or suspicion of its existence and, in legal effect, is no evidence. *See Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions as to the existence of the vital fact. *See id.*

## Common Law and Statutory Bad Faith Claims

An insurer breaches its duty of good faith and fair dealing when the insurer had no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex.1997); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex.1994) (op. on reh'g); *see Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex.1988). To withstand a no-evidence motion for summary judgment, a plaintiff in a bad faith case must present evidence that the insurer failed to attempt a prompt, fair settlement when the insurer's liability has become reasonably clear. *See Giles*, 950 S.W.2d at 55 (citing TEX. INS.CODE ANN. art. 21.21, § 4(10)(a)(ii) (Vernon Supp.2001)). This is the same evidence that would be required for a statutory bad faith claim under article 21.21, section 4(10)(a)(ii) of the Texas Insurance Code. TEX. INS.CODE ANN. art. 21.21, § 4(10)(a)(ii).

Lias first challenges the premise that the nonsuit of his breach of contract claim precludes any action for breach of the duty of good faith and fair dealing. State Farm cites cases holding that if there is no coverage, there can be no bad faith on the part of the insurer for a failure to pay a claim. *See Republic Ins. Co.*, 903 S.W.2d at 341 (holding extra-contractual claim would not lie when it was premised on denial of claim that was not covered); *see also Sikes v. Zuloaga*, 830 S.W.2d 752, 753 (Tex.App.—Austin 1992, no writ) (noting third party may not assert a claim against insured driver's insurance company until it is established that insured driver is legally obligated to pay damages). State Farm's reliance on these cases is misplaced. While a policy claim and a bad faith claim both involve policy coverage, a breach of the duty of good faith and fair dealing gives rise to a cause of action in tort that is separate from any cause of

action for breach of the underlying insurance contract. *Moriel,* 879 S.W.2d at 17 (quoting *Viles v. Sec. Nat'l Ins. Co.,* 788 S.W.2d 566, 567 (Tex.1990)). Thus, a separate contract cause of action is not necessary to pursue a breach of good faith and fair dealing claim because a plaintiff can establish policy coverage in the tort action. *See Aranda,* 748 S.W.2d at 213–14 (plaintiff states cause of action for breach of good faith and fair dealing by proving coverage, without bringing separate breach of contract cause of action). Further, a nonsuit is not a determination on the merits of policy coverage. *See Crofts v. Court of Appeals,* 362 S.W.2d 101, 104 (Tex.1962) (orig.proceeding); *see also* Tex.R. Civ. P. 162. Accordingly, the nonsuit of contractual claims does not preclude an action for breach of good faith and fair dealing, and summary judgment would not have been appropriate on this ground.

■ Next, Lias alleges there is evidence the insurer failed to attempt a prompt, fair settlement when the insurer's liability had become reasonably clear. He alleged in his second amended original petition that "Defendant [State Farm] breached these duties [of good faith and fair dealing] by refusing to pay benefits due when Defendant knew or should have known that there was no reasonable basis for neglecting to pay benefits due within a reasonable time and instead paying partial benefits five months after the claim was submitted." To avoid summary judgment, Lias would have to raise a fact issue as to when it became reasonably clear that $25,000 should have been offered and paid.

■ The evidence demonstrates that Lias was demanding $25,000 at all times. From March through July 1995, State Farm was attempting to establish whether Lias was due an additional $25,000 as damages by confirming Lias's disability

according to the American Medical Association (AMA)'s Guides To Evaluation of Permanent Impairment. In July 1995, State Farm stated that the impairment was not evaluated according to the AMA guidelines and disputed the value of Lias's claim. A dispute among medical opinions regarding the value of a claim is a reasonable basis for delay. *See Estrada v. State Farm Mut. Auto. Ins. Co.,* 897 F.Supp. 321, 324–25 (W.D.Tex.1995); *Packer v. Travelers Indem. Co.,* 881 S.W.2d 172, 176 (Tex.App.—Houston [1st Dist.] 1994, no writ). There was no evidence that it was unreasonable for State Farm to require an AMA disability rating.

During the time that the claim was being evaluated, State Farm made settlement offers. There are two statements in evidence concerning the $11,000 offer that was paid. First, in his deposition excerpts, the adjuster states that, sometime before an August 1995 mediation, State Farm authorized up to $11,000 for settlement of this case. Second, in his affidavit, Lias claims there is a document in the adjuster's file that indicates State Farm had "determined and evaluated [Lias's] underinsured motorist claim's value to be $11,000.00" in March 1995. Even assuming that State Farm evaluated the underinsured claim at $11,000, this is no evidence that State Farm had determined or should have determined that $25,000 was a fair settlement and only paid the $11,000.

Accordingly, we conclude the trial court did not err in granting summary judgment dismissing Lias's common law and statutory bad faith claims against State Farm.

### Statutory Reasonable Explanation and Investigation Claims

■ Lias also invoked sections 4(10)(a)(iv) and (viii) of article 21.21 of the insurance code, which prohibit as unfair settlement practices:

(iv) failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; ... (viii) refusing to pay a claim without conducting a reasonable investigation....

TEX. INS.CODE ANN. art. 21.21, § 4(10)(a)(iv), (viii). Section 4(10), defining what constitutes an unfair settlement practice, applies to causes of action that accrue on or after September 1, 1995, and applies to all causes of action that accrued before September 1, 1995 and upon which suit is filed on or after September 1, 1996. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 414, § 20, 1995 Tex. Gen. Laws 2988, 3004. State Farm paid Lias $11,000 in August 1995, and Lias filed suit on March 30, 1996. Therefore, by its plain terms section 4(10) does not apply to this case. *See State Farm Fire & Cas. Ins. Co. v. Vandiver*, 970 S.W.2d 731, 740 n. 3 (Tex.App.—Waco 1998, no pet.); *Jani–King of Memphis, Inc. v. Yates*, 965 S.W.2d 665, 668 (Tex.App.—Houston [14th Dist.] 1998, no pet.) (by enactment clause, legislature establishes jurisdiction over lawsuits). When a cause of action is derived from a statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable for lack of jurisdiction. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex.1986); *Harris County Appraisal Dist. v. Coastal Liquids Transp., L.P.*, 7 S.W.3d 183, 188 (Tex.App.—Houston [1st Dist.] 1999, pet. granted) (op. on reh'g). Courts must inquire into their jurisdiction, even *sua sponte. Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied). Because section 4(10) does not apply to this case, the trial court had no jurisdiction to consider Lias's claims pursuant to sections 4(10)(a)(iv) and (viii). Therefore, we conclude the trial court did not err in granting summary judgment on Lias's claim under these sections of article 21.21.

### Prompt Payment Claim

■ Article 21.55, section 3(f) of the insurance code provides deadlines for paying claims:

[I]f an insurer delays payment of a claim following its receipt of all items, statements, and forms reasonably requested ... for more than 60 days, the insurer shall pay damages and other items as provided for in Section 6 of this article.

TEX. INS.CODE ANN. art. 21.55, § 3(f) (Vernon Supp.2001). An insured, in settling a claim with an insurance carrier for uninsured motorist benefits, may reserve for later determination that the insured was entitled to statutory penalties and attorney's fees for the insurer's failure to timely pay the claim within the statutory time period. *See Northwestern Nat'l County Mut. Ins. Co. v. Rodriguez*, 18 S.W.3d 718, 719 (Tex.App.—San Antonio 2000, pet. denied) (op. on reh'g).

■ State Farm was statutorily required to pay a claim within sixty days after receiving all necessary materials from Lias. On June 14, 1995, State Farm requested information on the assignment of Lias's impairment rating, which pertained to the calculation of Lias's disability. There is no evidence that this request for information was unreasonable for State Farm's determination of the claim. By July 19, 1995, State Farm received the information. State Farm paid the claim on August 9, 1995, within the sixty days established by article 21.55. Because the summary judgment evidence conclusively establishes that State Farm paid the claim within sixty days of receiving the informa-

tion it requested, there is no evidence State Farm violated article 21.55 of the insurance code. Accordingly, we conclude the trial court did not err in granting summary judgment on Lias's claim under section 3(f) of article 21.55.

## CONCLUSION

Having concluded the trial court did not err in granting summary judgment on Lias's claims, we resolve Lias's sole issue against him and affirm the judgment of the trial court.